UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
DANIEL URIOSTEGUI,           ) 1:13-cv—00134-SKO-HC
                             )
          Petitioner,        ) ORDER DISMISSING STATE LAW CLAIMS
                             ) WITHOUT LEAVE TO AMEND (Doc. 1)
                             )
     v.                      ) ORDER TO PETITIONER TO SHOW CAUSE
                             ) IN THIRTY (30) DAYS WHY THE
F. FOULK,                    ) PETITION SHOULD NOT BE DISMISSED
                             ) FOR PETITIONER'S FAILURE TO
          Respondent.        ) EXHAUST STATE COURT REMEDIES
                             ) (Doc. 1)
_____)
```

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 8, 2013 (doc. 5).  Pending before the Court is the petition, which was filed on January 25, 2013, and transferred to this Court on January 29, 2013.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the High Desert State Prison (HDSP) serving a sentence of thirty (30) years to life

2

1  imposed on or about March 9, 2010, in the Merced County Superior
2  Court upon Petitioner's conviction of attempted murder, shooting
3  at an occupied vehicle, and participating in a criminal street
4  gang.  Petitioner raises the following claims concerning his
5  convictions: 1) instructing the jury pursuant to CALCRIM 4.00
6  concerning natural and probable consequences without explaining
7  the special circumstances that result in vicarious accomplice
8  liability for additional crimes violated Petitioner's rights to a
9  jury trial and due process of law protected by the Sixth and
10 Fourteenth Amendments; 2) instructing the jury that a perpetrator
11 and an aider and abettor were equally guilty removed the intent
12 element from the jury's consideration and violated Petitioner's
13 federal right to a jury trial; 3) admission of the victim's lay
14 testimony concerning Petitioner's movement being a signal to
15 attack was erroneous and an abuse of direction; 4) the evidence
16 was insufficient to support the conviction of attempted murder,
17 which in turn violated Petitioner's right to due process under
18 the Fifth and Fourteenth Amendments;  5) the evidence was
19 insufficient to support the conviction of shooting an occupied
20 vehicle; 6) admission of improper gang expert testimony violated
21 Petitioner's right to a jury trial, fair trial, and due process
22 in violation of the Fifth, Sixth, and Fourteenth Amendments; and
23 7) Petitioner's sentence on the third count concerning
24 participation in a criminal street gang should be stayed pursuant
25 to Cal. Pen. Code § 654.
26     II.   Dismissal of State Law Claims
27        Federal habeas relief is available to state prisoners only
28 to correct violations of the United States Constitution, federal

3

laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state court's interpretation of state law.  Langford v. Day, 110 F.3d at 1389.  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

   Here, Petitioner alleges in the third claim that admission of lay opinion testimony was erroneous and an abuse of discretion.  (Pet., doc. 1, 20-22.)  Petitioner cites only state cases and characterizes the gravamen of the claim as a misapplication of the rules applicable to lay opinion testimony.

   It is well-settled that allegedly incorrect evidentiary rulings are not a basis for federal habeas relief.  Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir. 1990) (incorrect state court evidentiary rulings, in and of themselves, cannot serve as a basis for habeas relief unless federal constitutional rights are affected), cert. denied, 498 U.S. 1091, 111 S.Ct. 974 (1991).  Consequently, in § 2254 proceedings, a state prisoner may not challenge an evidentiary ruling based on a violation of the

4

1 state's evidence code because the state court's failure to comply
2 with a state evidentiary rule is generally irrelevant and is not
3 a sufficient basis for granting federal habeas relief. Jammal v.
4 Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991).

5   Because the defect in Petitioner's evidentiary claim results
6 from the nature of the claim and not from a dearth of factual
7 allegations, granting leave to amend would be futile. Therefore,
8 it will be ordered that the claim concerning an error in the
9 application of state evidentiary law be dismissed without leave
10 to amend.

11   Petitioner's seventh claim that his sentence on the street
12 gang participation count should be stayed pursuant to Cal. Pen.
13 Code § 654 is also a claim based solely on state law.  A claim
14 alleging misapplication of state sentencing law involves a
15 question of state law which is not cognizable in a proceeding
16 pursuant to 28 U.S.C. § 2254. See, Lewis v. Jeffers, 497 U.S.
17 764, 780 (1990) (rejecting a claim that a state court misapplied
18 state statutes concerning aggravating circumstances on the ground
19 that federal habeas corpus relief does not lie for errors of
20 state law); Souch v. Schaivo, 289 F.3d at 623 (dismissing as not
21 cognizable claims alleging only that the trial court abused its
22 discretion in selecting consecutive sentences and erred in
23 failing to state reasons for choosing consecutive terms); Miller
24 v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (dismissing as
25 not cognizable a claim concerning whether a prior conviction
26 qualified as a sentence enhancement under state law).
27   Here, the defect in the claim stems from its essential
28 nature as a claim based solely on state law; thus, granting

5

Petitioner leave to amend the claim would be futile. Therefore, it will be ordered that the claim be dismissed without leave to amend.

### III. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.

Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert

7

>the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Petitioner contends he appealed his conviction to the state appellate court, and that the California Supreme Court denied review of Petitioner's appellate claims. (Pet. 2.) He states that he did not file any state petitions collaterally attacking the judgment of conviction. (Id.) Petitioner does not submit a copy of his petition for review filed in the California Supreme Court. Further, Petitioner does not set forth at length the claims that were raised before the California Supreme Court; he instead refers the reader to "Attachment 'A'," which he identifies as his statement of grounds raised in his direct appeal of his conviction as well the grounds raised in the present petition. (Id. at 2, 4-6, 8-25.) Attachment A reveals that with respect to Petitioner's claim concerning the improper admission of gang expert testimony in evidence, he is raising in

8

the present petition a claim or claims that the admission of the gang testimony violated Petitioner's right to a jury trial, fair trial, and due process in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments. (Id. at 24.) Petitioner expressly states that he raised these constitutional issues in the Court of Appeal. (Id.)

Reference to the decision of the Court of Appeal, which is appended to the petition, however, reflects that the court addressed not constitutional issues concerning the gang expert testimony, but rather only claims relating to the admissibility and permissible scope of such testimony. (Id. at 57-63.) Such claims appear to be grounded solely on state law and thus, would not be cognizable in this proceeding pursuant to § 2254.

If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). However, it is possible that Petitioner raised his constitutional claims concerning the gang expert testimony in his petition for review filed with the California Supreme Court but has not fully informed the Court. Petitioner must inform the Court if these constitutional claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court.

IV. Disposition

According, is it ORDERED that:

1) Petitioner's state law claims concerning the erroneous introduction of lay witness testimony and a stay of a sentence pursuant to Cal. Pen. Code § 654 are DISMISSED without leave to

amend; and

2) Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies; Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

Petitioner is INFORMED that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   February 22, 2013**              /s/ Sheila K. Oberto
                                     UNITED STATES MAGISTRATE JUDGE